**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SYNOPSYS, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHELLE K. LEE, Undersecretary of Commerce for Intellectual Property and Director of the United States Patent & Trademark Office; and the UNITED STATES PATENT & TRADEMARK OFFICE,<br><br>          Defendants. | Civil Action No. 17-_____<br><br><br>**COMPLAINT OF SYNOPSYS, INC. UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

Plaintiff Synopsys, Inc. ("Synopsys"), by its undersigned counsel, hereby submits this Complaint against Defendant Michelle K. Lee, in her official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("Director"), and Defendant United States Patent and Trademark Office ("USPTO"), and alleges as follows:

**NATURE OF ACTION**

1.      This is an action brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, challenging the Director's decision to vacate an instituted ex parte reexamination of claims 1 and 28 of U.S. Patent No. 6,240,376 ("the '376 patent") based on her erroneous legal determination that Synopsys is estopped from seeking ex parte reexamination of those claims under 35 U.S.C. § 315(e)(1).  *See* Exhibit A, Decision on Petitions and *Sua Sponte* Vacating Order Granting Reexamination and Filing Date of Request, *In re Raynaud et al.*, Control No. 90/013,824 (Dec. 15, 2016).

2.      The Director determined that § 315(e)(1) bars a requester from seeking ex parte

reexamination of a patent claim, based on prior art never before cited to the USPTO, if the requester previously sought inter partes review of the same claim using different prior art and the review resulted in a final written decision.  The Director's interpretation of § 315(e)(1) is contrary to the provision's plain text, the Federal Circuit's decision in *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir. 2016), and the view of a majority of the district courts that have applied *Shaw*.  Those authorities all establish that the estoppel effect of § 315(e)(1) applies only to prior art references that were the subject of an *instituted* inter partes review; it does not apply to prior art references that were never included in a petition for inter partes review.

3.      Synopsys also seeks a declaratory judgment invalidating the USPTO's underlying policy and practice of applying estoppel, under § 315(e)(1), where a party seeking ex parte reexamination previously sought inter partes review of the same patent claim and did not raise the newly cited prior art in its previous petition for inter partes review.

## THE PARTIES

4.      Plaintiff Synopsys is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Mountain View, California.

5.      Defendant Michelle K. Lee is Under Secretary of Commerce for Intellectual Property and Director of the USPTO.  Ms. Lee is sued in her official capacity only.

6.      Defendant USPTO is a federal agency within the Commerce Department and is headquartered in Alexandria, Virginia.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this APA action pursuant to 28 U.S.C. §§ 1331, 2201.  *See Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 301 (4th Cir. 2000) ("28 U.S.C. § 1331 serves as the jurisdictional basis for federal courts 'to review agency action'" (*quoting Califano v. Sanders*, 430 U.S. 99, 105 (1977)).

8.      Venue is proper in this Court pursuant 28 U.S.C. § 1391(e)(l)(A).

9.      Sovereign immunity of the government is waived by 5 U.S.C. § 702.  *See Bowen*

*v. Massachusetts*, 487 U.S. 879, 891-92 (1988) ("§ 702 was intended to broaden the avenues for judicial review of agency action by eliminating the defense of sovereign immunity in cases covered by the amendment").

## FACTUAL ALLEGATIONS

10.     Synopsys is the world's fifteenth largest software company, and has a long history of being a global leader in electronic design automation and semiconductor intellectual property. Being a global technology leader, Synopsys' success depends in part on defending its intellectual property from patent infringers and patent infringement suits.  Synopsys is frequently involved in defending its patents and in challenging patents, in both district court and before the USPTO.

11.     Since 2001, Synopsys has been the defendant, or nominal defendant, in at least 10 patent infringement cases.

The '376 Patent

12.     One example of such a challenge is Synopsys' challenge to the validity of the '376 patent, issued by the USPTO on May 29, 2001.

13.     Mentor Graphics is listed as the assignee of the '376 patent.

14.     Mentor Graphics is currently asserting the '376 patent against Synopsys in a patent infringement dispute in the United States District Court for the District of Oregon. *Mentor Graphics Corporation v. EVE-USA, Inc.*, 3:10-cv-00954 (D. Or.).

The Inter Partes Review of the '376 Patent

15.     Inter partes review is an administrative proceeding, created by the Leahy-Smith America Invents Act, which allows a third party to challenge a patent's validity.  35 U.S.C. §§ 311-319 (establishing inter partes review).  The inter partes review process begins with a petition for inter partes review, in which the challenger identifies "each claim challenged" and "the grounds on which the challenge to each claim is based." *Id.* § 312.  The Director must decide whether to institute an inter partes review proceeding within three months. *Id.* § 314.  If the Director decides to institute an inter partes review, the Patent Trial and Appeal Board ("PTAB") must conduct a "trial" and issue a "final written decision with respect to the

patentability of any patent claim challenged" within one year.  *Id.* §§ 316(a)(11), 318(a).

16.    In 2012, Synopsys petitioned the Director to institute an inter partes review of the '376 patent.  *See Synopsys, Inc. v. Mentor Graphics Corp.*, No. IPR2012-00042.  In relevant part, Synopsys contended that the "Gregory" prior art reference invalidated claims 1 and 28 of the '376 patent.  The PTAB, acting for the Director, instituted an inter partes review of claims 1 and 28, but ultimately found in a final written decision that the Gregory reference did not anticipate the claims.

The Ex Parte Reexamination of the '376 Patent

17.    Ex parte reexamination is a different administrative proceeding for challenging an issued patent's validity.  "Any person at any time" may seek ex parte reexamination of a patent by filing a request for reexamination with the USPTO.  *Id.* § 302.  If the Director finds that the request raises a substantial new question of patentability, the Director must order an ex parte reexamination to resolve the question of patentability.  *Id.* §§ 303-304.

18.    Relevant here, there is one limitation on a third party's right to seek ex parte reexamination of a patent.  Under 35 U.S.C. § 315(e)(1), a petitioner in an inter partes review is estopped from seeking ex parte reexamination in certain limited circumstances:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) … may not request or maintain a proceeding before the Office with respect to that claim on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

*Id.* § 315(e)(1).  The USPTO accordingly requires all requests for ex parte reexamination to include "[a] certification by the third party requester that the statutory estoppel provisions of 35 U.S.C. 315(e)(1) or 35 U.S.C. 325(e)(1) do not prohibit the requester from filing the ex parte reexamination request."  37 C.F.R. § 1.510(b)(6).

19.    On September 30, 2016, Synopsys requested that the Director institute an ex parte reexamination of claims 1 and 28 of the '376 patent, among others, based on prior art that was

never previously presented to the USPTO in an inter partes review or any other proceeding. Nor was Synopsys aware of this new art at the time it filed its petition for inter partes review. Specifically, Synopsys relied on the "Herrmann" reference as the primary prior art reference to challenge the validity of claims 1 and 28 of the '376 patent. Synopsys also relied on the "Heile" reference as a secondary reference.

20.     As part of its request for ex parte reexamination, Synopsys certified that it was not estopped from seeking an ex parte reexamination under 35 U.S.C. § 315(e). Synopsys explained that although it had previously participated in an inter partes review of claims 1 and 28 of the '376 patent, the statutory estoppel provision did not apply because the Herrmann and Heile references were not part of the previous inter partes review instituted by the Board. Synopsys explained that § 315(e)'s plain text and the Federal Circuit's recent decision in *Shaw Industries*, 817 F.3d 1293, dictate that § 315(e) applies only to invalidity grounds that could have been raised *after* institution. That is because § 315(e) applies only to grounds that a petitioner "reasonably could have raised *during* [an] inter partes review," and an inter partes review does not begin until the PTAB grants the petition and institutes the inter partes review. *Id.* at 1300 (quoting § 315(e)(1)). Thus, because instituted inter partes reviews are limited to the grounds on which the Board instituted review, Synopsys could not have reasonably raised the non-instituted Herrmann and Heile grounds during the previous inter partes review. *See Shaw Industries*, 817 F.3d 1300; *Synopsys v. Mentor*, No. IPR2012-00042, Decision to Institute, at 40 (Feb. 22, 2013) (It is "FURTHER ORDERED … that the trial is limited to anticipation by Gregory and *no other grounds are authorized*." (emphasis added)).

21.     Mentor, the owner of the '376 patent, objected to Synopsys' ex parte reexamination request. Generally, the rules governing ex parte reexamination do not permit a

patent owner to comment on, or object to, a request to institute an ex parte reexamination prior to a determination from the USPTO ordering reexamination.  37 C.F.R. § 1.530.  Mentor therefore filed a petition to suspend the rules, pursuant to 37 C.F.R. § 1.183, requesting that the Director intervene, waive the ordinary rules, and rule that Synopsys' certification was improper.  Mentor argued that Synopsys should be estopped from challenging the validity of claims 1 and 28 in the '376 patent because Synopsys had previously challenged those claims in an inter partes review, even though Synopsys premised its reexamination request on references that were not part of the previous inter partes review.  Synopsys filed its own petition opposing Mentor's filing.

22.     On November 8, before ruling upon Mentor's Rule 1.183 petition, the Director found that a substantial question of patentability existed with respect to claims 1 and 28 of the '376 patent based on the Herrmann and Heile references and ordered ex parte reexamination of those claims.

23.     Five weeks after instituting the ex parte reexamination, on December 15, 2016, the Office of Patent Legal Administration ("Office"), acting as the Director's designee, then granted Mentor's Rule 1.183 petition.  *See* Exhibit A.  The Office found that even though Synopsys had never previously sought inter partes review based on the Herrmann or Heile references, Synopsys was nonetheless estopped from using those references to challenge claims 1 and 28 of the '376 patent in an ex parte reexamination proceeding because Synopsys allegedly could have, but did not, include those references in its petition for inter partes review.  The Office held that *Shaw Industries* did not preclude application of § 315(e) estoppel to references that were never presented in a petition for inter partes review.  Exhibit A at 17.  Instead, the Office considered *Shaw Industries* as limited to the scenario where the PTAB declines to institute inter partes review on a ground presented in the petition.  *Id.*  Thus, the Office found

Synopsys' estoppel certification was improper and vacated the decision to institute the ex parte reexamination.  *Id.* at 25-26.

24.     The USPTO's estoppel determination here reflects an established practice and pattern.  For example, in *Great West Casualty Co. v. Intellectual Ventures II, LLC*, No. IPR2016-01534 (PTAB Feb. 15, 2017), the USPTO similarly found a requester estopped where the requester had not previously raised the invalidity ground in an inter partes review.  In both rulings, the USPTO has taken the clear position that, even after *Shaw Industries*, anyone who files a petition for inter partes review is thereafter estopped from raising *any* prior art reference that they did not present in their petition if a skilled searcher reasonably could have found the reference at the time.  In other words, the USPTO reads *Shaw* as limited to grounds "of unpatentability that [were] presented in a petition, but denied institution."

25.     Other Board rulings show that this construction of the statute has been and remains a consistent patterns and practice.  *See, e.g., Apotex Inc. v. Wyeth LLC*, No. IPR2015-00873, 2015 WL 5523393 (PTAB Sept. 16, 2015); *Ford Motor Co. v. Paice, LLC*, No. IPR2014-00884, 2015 WL 8536739, at *6-7 (PTAB Dec. 10, 2015); *Praxair Distrib., Inc., v. INO Therapeutics LLC*, No. IPR2016-00781, 2016 WL 5105519 (PTAB Aug. 25, 2016) (continuing to apply estoppel broadly after *Shaw Industries*).

## COUNT I
### (Violation of 5 U.S.C. § 706(2)(A), (C))

26.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though set forth in full herein.

27.     The Director's decision granting Mentor's Rule 1.183 petition to vacate the ex parte reexamination of claims 1 and 28 of the '376 patent constitutes a final agency action of the USPTO within the meaning of 5 U.S.C. § 704.

28.      There are no relevant available administrative remedies available to Synopsys to challenge the Director's determination.

29.      Pursuant to 5 U.S.C. § 706(2), this Court may declare unlawful agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," § 706(2)(A), or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," § 706(2)(C).  That is precisely the case here.

30.      PTO regulations and the Patent Act afford Synopsys the right to petition the Director to institute an ex parte reexamination, and the right to have a reexamination conducted if the petition raises a substantial new question of patentability, so long as Synopsys is not estopped under § 315(e).  35 U.S.C. §§ 301-303; 37 C.F.R. § 1.510.  The Director here found that the petition for reexamination, on its merits, warranted institution of an ex parte reexamination proceeding.  Thus, the Patent Act entitled Synopsys to have an ex parte reexamination conducted, but for the Director's erroneous application of § 315(e).

31.      The USPTO's errant construction of 35 U.S.C. § 315(e)(1) is contrary to law. The Director misread the statute and controlling Federal Circuit precedent, and she improperly deprived Synopsys of its statutory right to an ex parte reexamination.

32.      In *Shaw Industries*, the Federal Circuit interpreted § 315(e) estoppel to apply only to prior art references that a party raised or could have raised *after* the PTAB instituted an inter partes review proceeding.  817 F.3d at 1300.  The Court's conclusion followed logically from § 315(e)'s plain text.  Section 315(e), by its plain terms, applies only to grounds that a party "reasonably could have raised *during*" an inter partes review.  *Id.* at 1300 (quoting 35 U.S.C. § 315(e)) (emphasis added).  And, as the Federal Circuit explained, an "[inter partes review] does not begin until it is instituted."  *Id.* at 1300.  Therefore, § 315(e) only applies to grounds that

reasonably could have been raised *after institution* (such as a reference, or a grounds related to a reference, raised in the petition, but then not pursued at trial), for only those grounds could be raised "during" the inter partes review.

33.      After *Shaw*, the Federal Circuit reaffirmed *Shaw*'s reading of § 315(e).  In *HP Inc. v. MPHJ Tech. Invs., LLC*, 817 F.3d 1339 (Fed. Cir. 2016), the Court noted that "HP worries that 35 U.S.C. § 315(e)(1), which estops a petitioner from requesting review on the basis of any ground that the petitioner 'raised or reasonably could have raised' during a previous IPR that led to a final written decision, would preclude subsequent review."  *Id*. at 1347.  The Court explained that there was no need for concern about estoppel because, under *Shaw*:  "[T]he noninstituted grounds do not become a part of the IPR.  Accordingly, the noninstituted grounds were not raised and, as review was denied, could not be raised in the IPR.  Therefore, the estoppel provisions of § 315(e)(1) do not apply."  *Id.*

34.      Two district courts to consider the question following *Shaw* have also held that § 315(e) estoppel does not attach to prior art references that were never presented in a petition for inter partes review and therefore could not have been raised in the instituted inter partes review.  *See Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453-SLR, 2016 WL 7341713, at *12-13 (D. Del. December 19, 2016); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2017 WL 235048, at *3-4 (N.D. Cal. 2017).  And the Federal Circuit recently rejected a petition for writ of mandamus seeking to overturn the district court's decision in *Verinata Health.  See In re: Verinata Health, Inc*., No. 17-109, 2017 WL 1422489 (Fed. Cir. Mar. 9, 2017).

35.      Moreover, the USPTO's decision is inconsistent with its own regulations.  USPTO regulations provide that estoppel applies to "any ground that the petitioner raised or

reasonably could have raised *during the trial*," 37 C.F.R. § 42.73(d)(1) (emphasis added), and are explicit that the "trial begins with a written decision notifying the petitioner and patent owner of the institution of the trial"—not with the petition for inter partes review, *id.* § 42.100.

36.     Because Synopsys could not have raised Herrmann and Heile after the PTAB instituted inter partes review, § 315(e) does not bar Synopsys from seeking ex parte reexamination based on those references. *Shaw Industries*, 817 F.3d at 1300 ("The plain language of the statute prohibits the application of estoppel under these circumstances.").  In refusing to conduct an ex parte reexamination to resolve the substantial new question of patentability concerning claims 1 and 28 of the '376 patent based on its misapplication of § 315(e)(1) estoppel, the Director exceeded her statutory authority and acted contrary to law.

## COUNT II

### (Violation of 5 U.S.C. § 706(2)(A))

37.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though set forth in full herein.

38.     Pursuant to 5 U.S.C. § 706(2)(A), this Court may declare unlawful agency actions and policies that are arbitrary, capricious or otherwise contrary to law.

39.     The USPTO has an established policy and practice of applying § 315(e)(1) estoppel to bar review of claims that were never presented in a petition for inter partes review and on which no inter partes review had been initiated.  This Court should declare unlawful the USPTO's policy and practice as contrary to the terms of the statute and Federal Circuit precedent.

## PRAYER FOR RELIEF

Wherefore, based on the clear violation of the statutory mandate and the Federal Circuit authority, Plaintiff requests that this Court issue a declaratory judgment that:

1. The Director and the USPTO must vacate the decision terminating the reexamination of claims 1 and 28 of the '376 patent and proceed forthwith with reexamination of those claims under its normal processes;

2. The USPTO may only apply § 315(e)(1) estoppel with respect to prior art on which inter partes review was instituted;

3. Prior art not previously submitted to the USPTO is not subject to any estoppel under section 315(e).


Dated:  May 2, 2017                    Respectfully submitted,


                                       /s/ Sten Jensen
                                       Sten Jensen
                                       VA Bar No: 38197
                                       Attorney for Synopsys, Inc.
                                       ORRICK, HERRINGTON & SUTCLIFFE LLP
                                       1152 15th Street, NW
                                       Washington, DC 20005
                                       Tel:  (202) 339-8400
                                       Fax:  (202) 339-8500
                                       sjensen@orrick.com

                                       OF COUNSEL:

                                       Robert M. Loeb (pro hac vice pending)
                                       Eric A. Shumsky (pro hac vice pending)
                                       Jeremy Peterman (pro hac vice pending)
                                       ORRICK, HERRINGTON & SUTCLIFFE LLP
                                       1152 15th Street, NW
                                       Washington, DC 20005

Travis Jensen (pro hac vice pending)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025